## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

|  |  |
|---|---|
| SHELLEY RAE HIGH BEAR, WILLIAM RUFUS HIGH BEAR, | No. C15-4051-MWB |
| Plaintiffs, |  |
| vs. | **ORDER** |
| MAGISTRATE JUDGE FRED YEAR, OSCEOLA COUNTY ATTORNEY ROBERT HANSEN, |  |
| Defendants. |  |

## I.  INTRODUCTION

The matter before the court is Plaintiff Shelley High Bear's application to proceed in forma pauperis (docket no. 1).  Plaintiff Shelley High Bear filed such application on June 17, 2015.  In addition to Plaintiff Shelley High Bear's application to proceed in forma pauperis, Plaintiff Shelley High Bear and Plaintiff William High Bear submitted a complaint under 42 U.S.C. § 1983 (docket no. 1-1).

## II.  IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

A court may permit a party to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the party submits an affidavit that shows the inability "to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1). When ruling on a 28 U.S.C. § 1915(a)(1) application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993).  Second, the statute reads that the court "may authorize the

1

commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an in forma pauperis application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is discretionary). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Neither Plaintiff Shelley High Bear nor Plaintiff William High Bear submitted the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). Plaintiff Shelley High Bear submitted an application to proceed in forma pauperis, which she signed. Plaintiff William High Bear, however, did not sign the application to proceed in forma pauperis. Nonetheless, Plaintiff Shelley High Bear makes several statements regarding their financial situation. Despite Plaintiff William High Bear's failure to sign the application to proceed in forma pauperis or submit an independent application to proceed in forma pauperis, the court concludes that both of the plaintiffs are indigent. Thus, in forma pauperis status shall be granted to the plaintiffs. *See generally* 28 U.S.C. § 1915. The clerk's office shall be directed to file the complaint without the prepayment of the filing fee.

Although it agrees that the granting of in forma pauperis status is appropriate in this case, the court finds that requiring the plaintiffs to submit partial payments or installment payments of the filing fee is permissible and desirable.

> The ordering of a partial payment or an installment payment
> for court fees fits within the [language of 28 U.S.C. § 1915.
> Subsection (a) of 28 U.S.C. § 1915] does not say that upon
> granting in forma pauper status, court fees need not be paid or

that they are remitted or otherwise waived. Instead, [subsection (a)] merely authorizes commencement 'without prepayment' if the applicant 'is unable to pay such fees.' This conveys the sense that the court may authorize the filing of an action without prepayment and look to cash flow and assets in order to secure post-payment.[1]

*White ex rel. Diggs v. Barnhart*, 2002 U.S. Dist. LEXIS 14528, *5, 2002 WL 1760980 (M.D. N.C. 2002). Based on the statements that they made, the plaintiffs shall submit monthly payments of at least $5.00 until the $350.00 filing fee is paid. *Cf*. 28 U.S.C. § 1915(b)(2).

## III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

---

[1] Prior to the enactment of the [PLRA], courts had, in large part, determined that they had the discretion to require partial payment of the filing fees by prisoners. *Byran v. Johnson*, 821 F.2d 455 (7th Cir. 1987) (collecting cases). Partial payment was said to help ensure that prisoners had an economic incentive to police their own actions, just as the non-imprisoned public must do. This rationale applies to all members of the public, in all their diverse economic situations. . . . With the enactment of the [PLRA], Congress now requires partial payment of the filing fees by prisoners and has established a uniform collection methodology for both prepayment and post–payment of the fees. *See* 28 U.S.C. § 1915(b). There has been some thought that, if not constitutional law, then at least elementary fairness requires that all parties applying for [in forma pauperis] status be subject to possible partial payment of the filing fees, and not just prisoners. *See Byran*, 821 F.2d at 459 . . . .

(1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. COMPLAINT

The plaintiffs, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress issues that are related to proceedings that occurred in the Iowa District Court for Osceola County. Jurisdiction appears to be predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

> Judge Fred Year ordered William High Bear to enroll in Batterer's Education under DOC, the classes cost around $900.00, and last for 6 months, knowing that William does not have income, nor is a resident of Iowa. Fred Year would not lift the no contact order, and he said he wouldn't until William completed the course. This he knew was impossible for William to fulfill, and did not make any accommodation to do so. Robert Hansen did not respond or ask the judge to make provisions for William to fulfill the order, or dismiss the no contact order.

Regarding what specific constitutional provision the defendants allegedly violated, the plaintiffs state:

4

Civil rights to be married, failure of due process to accommodate impoverished to be able to fulfill court orders. Harassment, false imprisonment continuous in South Dakota, for 3 violations of no contact order, as SD claims they can arrest and hold William in custody for no contact order violations from Iowa. I had no response for the 4 letters I sent to the court asking the order be lifted. Dated 6-16-2014, 7-02-2014, 7-28-2014, 5-1-2015.

As relief, the plaintiffs state that they want the court to:

override the judgment made by Fred Year, repeal the no contact order, also the requirement to attend Batterer's Education. Award both plaintiffs $5,000,000.00 each for undue harassment and emotional distress.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510

U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. *Plaintiffs' Claims*

Given the facts that are alleged in the complaint, the court concludes that the plaintiffs assertions do not give rise to a viable claim under 42 U.S.C. § 1983. As to the specific nature of the relief that is requested, the court lacks the authority to review decisions that the Iowa District Court for Osceola made. *See State v. High Bear*, Case No. FECR005921 (Osceola Cnty. Dist. Ct. 2015); *State v. High Bear*, Case No. SMSM012679 (Osceola Cnty. Dist. Ct. 2014).[2] The court is precluded from interfering in the interworkings of a state court in criminal matters because the record does not indicate any improper conduct by the prosecution. *See Sprint Communs., Inc. v. Jacobs*, ___ U.S. ___, ___, 134 S. Ct. 584, 591 (2013) (explaining that *Younger v. Harris*, 401 U.S. 37 (1971), precludes a court from intruding into ongoing state criminal prosecutions); *Zanders v. Swanson*, 573 F.3d 591, 593-95 (8th Cir. 2009) (determining that district court properly abstained from hearing claim because there was no showing of bad faith or other extraordinary circumstances); *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (listing factors to be considered).

---

[2] Iowa state court civil and criminal records may be accessed online: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing a court's ability to take judicial notice of public records).

Further, none of the other defendants are subject to suit. A judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996). Fred Year performed as a judge. Accordingly, the plaintiffs' action against him shall be dismissed for failing to state a claim upon which relief can be granted. A prosecutor is also immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992). Robert Hansen presented the State's case, and his conduct is intimately associated with the judicial phase of the criminal proceedings. Accordingly, the plaintiffs' action against Robert Hansen shall be dismissed for failing to state a claim upon which relief can be granted.

## VI. CONCLUSION

In light of the foregoing, the plaintiffs' complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. The clerk's office shall be directed to enter judgment in favor of the defendants.

**IT IS THEREFORE ORDERED**:

(1) The plaintiffs' application to proceed in forma pauperis (docket no. 1) is granted.

(2) The plaintiffs are directed to submit monthly payments of at least $5.00 until the $350.00 filing fee is paid.

(3) The clerk's office is directed to file the plaintiffs' complaint (docket no. 1-1) without the prepayment of the filing fee.

(4) The plaintiffs' 42 U.S.C. § 1983 action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

(5) The clerk's office is directed to enter judgment in favor of the defendants.

**DATED** this 1st day of February, 2016.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN   DISTRICT   OF   IOWA